JEFFERSON· MOCHLER *v.* THE TOWN OF SHAFTSBURY.

*Highway.*

It is the duty of towns to provide for the safety of travelers in passing teams going in the same direction, and to construct and keep their highways, at places which naturally invite the attempt to pass, reasonably safe for that purpose. And such duty is not limited to cases of absolute necessity on the part of the traveler; but in this case it was extended to one who attempted to pass a team for the purpose of keeping in company with a companion who had 'driven ahead.

CASE for injury on a highway. Plea, the general issue, and trial by jury, December term, 1873, WHEELER, J., presiding.

The plaintiff introduced evidence tending to show, that the highway at the place of accident, near the house of one Percy, was only about eight feet wide in the traveled track; that upon the north side of the traveled track, and adjoining it, there was a bank which sloped to the south, down to the track of the road, and that the ground at this place descended to the south, and the road a side-hill road, with no ditch upon the upper side; that said bank extended a few rods, and gradually diminished in height from the center both ways, until it came nearly to a level with the traveled track, and at its highest point was between two and three feet above the traveled track; that north of said bank and adjoining the same, there was an open space in front of said Percey's house, where three roads met, which was some four or five rods wide, smooth on the surface, but descended gradually to the south and east to the bank; and that at the time of the accident, there was a two-horse lumber wagon standing upon about the middle of this open space, left there by the said Percy.

The plaintiff's testimony further tended to show, that on the 7th of November, 1871, the plaintiff, in company with others, had attended a wedding party in Hoosick, N. Y.; that whisky was served at the party, and that the plaintiff drank a part of one glass of sling made of the same; that the plaintiff then resided at North Bennington, and was in the employ of Thatcher & Welling, and was accompanied by a young lady, now his wife; that

they left the party to return home about sunset, and arrived at the place of the accident about dark ; that they left the party in company with another gentleman and lady, who, with a single team, drove in advance of them ; that the plaintiff was driving a single team, and when the gentleman and lady in advance of them, and going eastwardly, had arrived at a point in said highway a short distance west of said Percey's house, they came up to a two-horse team and lumber wagon with three persons in it, which was going in the same direction on said highway, at a walk, and turned out of the traveled track, to the left, and drove past said team ; that the plaintiff, for the purpose of going faster and keeping company with them, also turned to the left, out of the traveled track, to drive past said two-horse team, and drove upon said open space ; that said two-horse team increased its speed, and in order to pass it, the plaintiff drove more rapidly forward until he came near the wagon standing on said open space, when, fearing a collision with the same, not knowing that there was any bank there, he turned to the right. and went down the bank in front of the two-horse team, and was overturned, and thereby sustained damage.

The defendant gave evidence tending to show, that the plaintiff was driving in a fast and reckless manner ; that the two-horse team was not loaded to an amount to impede its speed ; that the horses were good roadsters, and that they were going at the time the plaintiff turned out to go past them, on a good round trot ; that there was no necessity for the plaintiff to turn out to go by ; that the traveled track was in good condition, and that the plaintiff could have passed in perfect safety in the road, had he not voluntarily turned out of the traveled track ; that there was a large open space there, sufficient for the plaintiff to have driven by without running against the wagon standing there, and that he could have passed right along and come into the traveled track further east, in safety ; that the plaintiff was acquainted with said road and bank at that place, and had passed there three times before that day. It was not claimed by the plaintiff but that the traveled track was in good repair, otherwise than on account of being narrow, and of said bank ; nor but that he could have passed over the same in safety, had he not turned out to go past said two-

horse team. The defendant conceded that the highway at the place of the injury, was one that it was bound by law to keep in repair.

The defendant requested the court to charge the jury that if, from the evidence, they should find that the plaintiff, without any necessity therefor, but for the purpose of keeping company with the horse and carriage that was ahead, voluntarily turned out from the traveled track and drove upon said open ground to pass said two-horse team, and in so doing thereby sustained the injuries complained of, by running off said bank, and that he would not have sustained any injury, had he followed the traveled track, the defendant would not, in law, be held responsible for the injuries complained of, and that the plaintiff could not recover for the same of the defendant.

The court declined to charge as requested ; but charged as to that part of the case, that this being a highway that the defendant was bound to keep in repair, it was the duty of the town to keep it in good and sufficient repair for all travel, in the night-time as well as in the daytime, and for the meeting and passing of teams, such as it might reasonably be expected the highway would be used for, and to keep such places as would naturally invite travelers to pass over them for the purpose of passing other travelers, reasonably safe for that purpose ; that if this highway at this place was insufficient in respect to the width of the traveled track, and the bank between the traveled track and the smooth place above the bank, and the situation of the road there was such as to lead the plaintiff to think that it was a safe place to pass, and he exercised common care and prudence in undertaking to pass the two-horse team there, and in driving past it, and in turning to avoid the wagon that was standing in the open space, and in turning into the road as he did, and was overturned and injured by means of the insufficiency of the highway, without any want of ordinary care on his part, he was entitled to recover. To the refusal of the court to charge as requested, and to the charge on that subject as stated, the defendant excepted.

*T. Sibley* and *C. N. Davenport*, for the defendant.

The evidence in the case tended to show, that the traveled track of the highway at the place of the accident, " was in good condition, and that the plaintiff could have passed with perfect safety in the road, had he not voluntarily turned out of the traveled track." There was no evidence in the case tending to show that his deviation from the traveled track, was necessary, or the result of any accident within the track. On the contrary, the plaintiff's own evidence shows that he voluntarily and designedly turned out upon the open space in front of Percy's house, for the purpose of running by a two-horse team going in the same direction ; that the race was terminated by the plaintiff's turning from this open space into the traveled part of the highway, in order to escape colliding with a wagon standing in the open space ; that while so turning into the road, he passed down a bank from two to three feet in height, and in thus passing, his carriage was overturned into the road, resulting in the damage complained of. Upon this state of facts, the defendant was entitled to a charge substantially in the language of the request. *Rice* v. *Montpelier,* 19 Vt. 470 ; *Cassedy* v. *Stockbridge,* 21 Vt. 391 ; *Whitney* v. *Essex,* 38 Vt. 270 ; *Morse & wife* v. *Richmond,* 41 Vt. 435 ; *Ozier & wife* v. *Hinesburgh,* 44 Vt. 220 ; *Shepardson & wife* v. *Colerain,* 13 Metf. 55 ; *Raymond* v. *Lowell,* 6 Cush. 524 ; *Smith* v. *Wendell,* 7 Cush. 498 ; *Kellogg* v. *Northampton,* 4 Gray, 65.

There is a class of cases in this state, where towns have been held liable for injuries happening upon the margins, outside the traveled track. These are cases of involuntary, or accidental divergence from the traveled track. Or, as it is sometimes termed, necessary divergence ; to this class belong, *Cassedy* v. *Stockbridge, supra ; Glidden* v. *Reading,* 38 Vt. 52. Towns are under no obligation to keep the margin of their highways in safe condition to be traveled upon. The extent of their duty in this respect is, to keep them in a reasonably safe condition, to guard the traveler against the consequences of such accidents as may reasonably be expected to occur in the traveled part of the highway, or when in the exercise of ordinary care the traveler, without fault, is involuntarily or necessarily thrown or driven from the traveled track upon the margin. No case can be found in this or

any other state, where a town has been made liable, if the traveler voluntarily, to subserve his own convenience, left the track for the margin, and while thus upon the margin, suffered damage.

Although it is true that as to injuries and accidents happening within the traveled part of the highway, the liability of the town is mainly matter of fact for the jury ; yet, as to liability for defects and obstructions exterior to the wrought or traveled way, it is mainly a question of law, calling for special instructions from the court. Angell Highways, § 260 ; *Rice* v. *Montpelier, supra ; Ozier* v. *Hinsburgh, supra.* And when such special instructions are asked for, in a case proper for that purpose, the omission to give them and the casting of the burden upon the jury, as in the case at bar, is error.

*Henry A. Harmon,* for the plaintiff.

The defendant was not entitled to any such charge of the court as it asked for. Whether the plaintiff turned off with or without *necessity,* was a pure question of law, and not at all for the jury to find, as the defendant, in its request, desired them to do. Whether he *turned off voluntarily,* was a mixed question for the jury to find, under instructions from the court as to what *voluntary,* in such a connection, means ; and correct instructions were given to them.

This case, however, does not turn upon the question of a voluntary exit, or upon that of necessity. It is a well known principle, that towns are not obliged to keep the entire width of their highways in a condition for travel. But they are bound to keep a reasonable and proper width of highway in passable condition: If, therefore, they make a little eight-foot rut, and call it a road, leaving a steep bank where the rest of that road ought to be, under the decisions in this state, the question of sufficiency is mainly one of fact, which this particular jury has passed upon. But there are numerous cases to the effect that when a town leaves an old discontinued road, or the margin of the highway, or any other place of possible travel, so connected with the highway that it is *apparently* a safe and suitable place to travel on, and persons thus misled, do go thereon, the town cannot shirk its responsibility by any arguments about the "margin."

Most of the Vermont law, and considerable of that of other states, may be found in the following cases: *Kelsey* v. *Glover*, 15 Vt. 708; *Rice* v. *Montpelier*, 19 Vt. 470; *Cassedy* v. *Stockbridge*, 21 Vt. 391; *Glidden* v. *Reading*, 38 Vt. 52; *Whitney* v. *Essex*, 38 Vt. 270; *Bagley* v. *Ludlow*, 41 Vt. 431; *Ozier* v. *Hinesburgh*, Chittenden Co. 1874; *Ireland* v. *O. H. & S. Plank Road Co.* 13 N. Y. 531; *Street* v. *Holyoke*, 105 Mass. 82; *Munson* v. *Derby*, 37 Conn. 298; *Houfe* v. *Fulton*, 29 Wis. 296.

The opinion of the court was delivered by

ROYCE, J. Cases have frequently arisen involving the question of the liability of towns for injuries resulting to parties in passing teams traveling in an opposite direction, but this is the first case that has come to our knowledge, where the question has been made as to their liability for an injury happening to a party in consequence of his passing a team going in the same direction. It has not been claimed but that the rule laid down by the court, that it was the duty of the town to keep this highway in good and sufficient repair for all travel in the night-time as well as in the daytime, was the correct rule. Neither has it been claimed that if the injury had been occasioned by the attempt of the plaintiff to pass a team coming in an opposite direction, but that the charge of the court would have been properly applicable and unexceptionable. But the defendant claims, that inasmuch as the team which the plaintiff attempted to pass, was going in the same direction, if he voluntarily turned out of the traveled track without any necessity therefor, but for the purpose of keeping company with the horse and carriage ahead, and thereby sustained the injuries complained of, and would not have sustained any injury had he followed the traveled track, he could not recover. The court charged that it was the duty of the town to keep the highway in good and sufficient repair for the meeting and *passing* of teams, such as it might reasonably be expected the highway would be used for, and to keep such places as would naturally invite travelers to pass over them for the purpose of passing other travelers, reasonably safe for that purpose. That if the highway at this place was insufficient in respect to the width of the traveled

75

track and the smooth place above the bank, and the situation of the road there was such as to lead the plaintiff to think that it was a safe place to pass, and if he used common care and prudence in undertaking to pass the team, and was injured by means of the insufficiency of the highway, without the want of ordinary care on his part, he was entitled to recover. If towns are under any statutory duty to provide for the safety of travelers in passing teams going in the same direction, by keeping places which naturally invite the attempt, in good and sufficient repair, there was no error in the charge. But if towns owe no such duty, there was error, and the request of the defendant should have been complied with. An attempt has been made to bring this case within the rule laid down in *Rice* v. *Montpelier*, 19 Vt. 470. In that case, the road against the place of the injury, was smooth and well made, and from twenty to thirty feet wide, and the injury did not occur from any defect in the traveled part of the road, but from a hole dug by an individual in the ditch, three feet from the outer edge of the traveled track. The plaintiff, for no apparent reason, except to get on to the snow, passed along in the ditch, and his horse ran into the hole, and the question was, whether the town, under such a state of facts, was liable, and the court held it was not. If the same facts had appeared in this case as to the width of the traveled track, the plaintiff, under the charge of the court, could not have recovered. For the charge predicates the right of recovery upon the insufficiency of the highway in respect to the width of the traveled track, and the jury must have found this fact in favor of the plaintiff. There are cases where it is absolutely necessary for the traveler to pass teams going in the same direction. The whole object and purpose of his journey may be frustrated unless he is enabled to do so ; and the statutory duty of the town requires that its highways should be so constructed and kept as to enable him, with the exercise of ordinary care, to do so. This is one of the kinds of travel which the town might reasonably expect the highway would be used for. In this case there was no absolute necessity shown for the plaintiff to pass the team. He was influenced by the desire to keep in the company of the party with whom he had been traveling,

and to make more rapid progress. But we do not think the obligation of towns is limited to cases of absolute necessity, and that the charge of the court furnishes the just criterion of liability. It imposes no new or onerous duty upon towns; for they can always protect themselves from liability, by constructing their highways of such width as to permit the passing of teams without deviating from the traveled track; and if the traveler is wanting in common care and prudence, either as to the time, place, or manner of passing, the town is not liable.

Judgment affirmed.